**DLD-019**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2507
_____

IN RE:  DONTAIE ANDERSON,
                                            Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 28, 2021

Before:  KRAUSE, MATEY and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 23, 2021)
_____

OPINION[*]
_____

PER CURIAM

Dontaie Anderson has filed a petition for a writ of mandamus requesting that we

direct the recusal of the judge overseeing his state criminal proceedings, vacate his

convictions, appoint a new criminal defense attorney, and order a new trial.

Our mandamus jurisdiction derives from 28 U.S.C. § 1651, which grants us the

power to "issue all writs necessary or appropriate in aid of [our jurisdiction] and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations.  See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Traditionally, it may be used "only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction,'" id. (quoting Will v. United States, 389 U.S. 90, 95 (1967)), and our "jurisdiction to issue writs of mandamus under 28 U.S.C. § 1651 lies in cases in which potential appellate jurisdiction exists," In re Richards, 213 F.3d 773, 779 (3d Cir. 2000).

Thus, we generally lack jurisdiction to compel action by a state court in the manner Anderson requests. See In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981) (federal court "ordinarily may not issue a writ of mandamus to compel a state court to exercise jurisdiction entrusted to it"); In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (holding district court had no jurisdiction to issue a writ of mandamus compelling action by a state court); cf. Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 462 (3d Cir. 2019) (emphasizing that abstention under Younger v. Harris, 401 U.S. 37 (1971), aims to avoid federal-court interference in ongoing criminal proceedings).

Accordingly, we will deny Anderson's petition for writ of mandamus.[1]

---

[1] Anderson's motion for appointment of counsel is denied.